IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Steven Vernon Bixby, ) | |
| ) | |
| Petitioner, ) | |
| ) | C/A No.: 4:17-mc-00138-BHH-TER |
| vs. ) | |
| ) | |
| Bryan P. Stirling, Director, South ) | **ORDER GRANTING MOTION TO** |
| Carolina Department of Corrections; ) | **STAY EXECUTION** |
| Joseph McFadden, Lieber Correctional ) | |
| Institution, ) | |
| ) | |
| Respondents. ) | |
| ) | |

The petitioner, Steven Vernon Bixby ("Petitioner"), is a state prisoner sentenced to death. This matter is before the Court on Petitioner's Motion for Stay of Execution and Appointment of Counsel (ECF No. 1).[1] Respondents filed a response to the pending motions on April 6, 2017 (ECF No. 9). Petitioner filed a reply on April 12, 2017 (ECF No. 11). Accordingly, the motion for stay is ripe for the Court's consideration.

Petitioner's execution date has not yet been set. However, Petitioner states that his execution is imminent. (ECF No. 1 at 1 n.1.) Respondents do not object to a stay in this matter. (ECF No. 9 at 2.)

A federal court has jurisdiction to stay state court proceedings when a state prisoner sentenced to death applies for appointment of counsel pursuant to 28 U.S.C. § 3599. *See* 28 U.S.C. § 2251(a)(3); *McFarland v. Scott*, 512 U.S. 849, 858 (1994) ("[O]nce a capital defendant invokes his right to appointed counsel, a federal court also has jurisdiction under § 2251 to enter a stay of execution."). As noted, Petitioner has

---
[1] Also pending is Petitioner's motion for leave to proceed *in forma pauperis* (ECF No. 2). A ruling on that motion and Petitioner's request for counsel will issue separately.

filed a request for appointment of counsel. (ECF No. 1.) Accordingly, this Court has the authority to grant a stay of execution. Section 2251(a)(3) provides that the stay "shall terminate" not more than ninety (90) days after the appointment of counsel or after the application for appointment is withdrawn or denied.

Having carefully reviewed the relevant authority, the Court finds that Petitioner should be granted a stay of execution. The stay shall terminate ninety (90) days after the appointment of counsel or after the application for appointment of counsel is withdrawn or denied, as required by 28 U.S.C. § 2251(a)(3). Once Petitioner files his habeas petition, he may move for an indefinite stay pending the outcome of his habeas proceeding under § 2251(a)(1).

Accordingly, the Court orders the following:

(1) Petitioner's Motion for Stay of Execution (ECF No. 1) is GRANTED. The stay shall expire ninety (90) days from the date counsel is appointed;

(2) The Clerk of Court shall assign a civil action number to this case;

(3) The Clerk of Court shall notify the undersigned to review the stay of execution twenty (20) days prior to the expiration of the ninety (90) day limit; and

(4) This matter is referred to the assigned United States Magistrate Judge for all preliminary proceedings.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

April 12, 2017
Greenville, South Carolina